# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-62354-GAYLES

JAYO VERA,
                            Plaintiff,

v.

CHALLENGER AIR CORPORATION;
CHOPPER LEASING, INC.; and
FEDERICO JOSE INTRIAGO,
                            Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants Challenger Air Corporation ("Challenger"); Chopper Leasing, Inc. ("Chopper"); and Federico Jose Intriago's Motion to Dismiss [ECF No. 35]. The Court has carefully considered the parties' briefs, the Complaint, and the applicable law and is otherwise fully advised in the premises.

## I.     BACKGROUND

According to the pertinent allegations in the Complaint, Plaintiff Jayo Vera began employment as a pilot with Defendant Challenger (a company of which Defendant Intriago is the president and CEO) on September 1, 2012. Compl. ¶ 15. For calendar years 2013 and 2014, Challenger issued Vera a Form 1099 representing that it had paid him $96,000 for "non-employee compensation" in 2013 and $88,000 for "non-employee compensation" in 2014. *Id.* ¶ 24. Vera alleges that these returns are fraudulent because he was an employee of Challenger, but the returns misclassify the sums paid to him as non-employee compensation. *Id.* ¶ 25. Defendant Chopper (another of Intriago's companies) issued Vera a Form 1099 for calendar year 2015, representing that it paid Vera $32,544 as "non-employee compensation." *Id.* ¶ 26. Vera alleges that this return is also fraudu-

lent because he was an employee of Challenger in 2015, as well, but the return misclassifies the sums paid to him as non-employee compensation **and** because it represents that he was paid by Chopper—a company he did not work for. *Id.* ¶ 27.

Vera filed suit against the Defendants on September 30, 2016, asserting federal tax fraud claims under 26 U.S.C. § 7434 against Challenger, Chopper, and Intriago (Counts I, II, and III, respectively), as well as a state law breach of contract claim against Challenger (Count IV), a state law unjust enrichment claim against Challenger (Count V), and a claim for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, against all three Defendants (Count VI). The Defendants have moved to dismiss all claims.

## II.    DISCUSSION

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

### A.      *Federal Claims*

The Defendants argue that Vera has failed to state tax fraud claims under 26 U.S.C. § 7434. The relevant provision of the Internal Revenue Code states: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). The parties disagree on the relevant standard that must be met in order for Vera to state a claim under this provision or what, if any, elements must be alleged.

In the absence of Eleventh Circuit authority directly on point, the Court finds a decision by a district court in the Eastern District of Virginia, *Liverett v. Torres Advanced Enterprise Solutions, LLC*, 192 F. Supp. 3d 648 (E.D. Va. 2016), particularly instructive. The plaintiffs in *Liverett*, like Vera here, alleged that the defendant was liable for tax fraud based solely on the allegation that the defendant willfully misrepresented the plaintiffs' employment status by issuing them Form 1099s instead of Form W-2s. *Id.* at 650. After undertaking a comprehensive analysis of both the language and legislative history of the statutory provision, the court concluded that Section 7434(a) provides a private cause of action "only where a defendant willfully files information returns ***that misrepresent the amount of payments made***" and rejected the plaintiff's position that a willful filing of Form 1099s instead of Form W-2s was actionable under the statute. *Id.* at 655 (emphasis added).

The court acknowledged that many other courts (including several in this District) have found allegations like the *Liverett* plaintiffs' (and like Vera's) to be sufficient to state a claim for tax fraud under Section 7434. *See id.* at 651 n.5 (citing *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1298 (S.D. Fla. 2014); *Seijo v. Casa Salsa, Inc.*, No. 12-60892, 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013)). However, the court found that those decisions "did not carefully consider the statutory language or directly address the ambiguity on the face of § 7434(a)" (that ambiguity being what the phrase "with respect to . . ." was meant to modify). *Id.* Instead, they

recited elements of a cause of action that did not address the ambiguity. *Id.* As a court in the Middle District of Florida explained, the interpretation of Section 7434(a) employed by the courts which have permitted claims like Vera's to proceed "renders superfluous the phrase 'payments purported to be made.'" *Tran v. Tran*, — F. Supp. 3d —, —, 2017 WL 894370, at *1 (M.D. Fla. Mar. 7, 2017) (citing *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 837 (1988) (disfavoring statutory interpretation that produces surplusage)).

The *Tran* court, in adopting the *Liverett* court's holding, also explained that the statute could not possibly permit recovery for a mere misclassification of an employee and consequent filing of the incorrect form. Section 7434(e) requires that an order awarding damages under Section 7434(a) find "the correct amount which should have been reported in the information return." However, if Vera's interpretation of the statute were the proper one, a judgment entered in favor of a plaintiff under this provision "must find the defendant liable for tax fraud and must acknowledge that the defendant accurately reported the plaintiff's income." *Id.* at *2; *see also Liverett*, 192 F. Supp. 3d at 653 (explaining that the "obvious inference from [Section] 7434(e) is that Congress intended for the actionable frauds to stem only from misrepresentations [of] the amounts paid").

Vera does not allege that any of the Defendants misrepresented any ***amount*** that he was paid—merely that they misrepresented his classification as an independent contractor rather than an employee. This Court is persuaded by the reasoned analyses of the *Liverett* and *Tran* courts and adopts them here in concluding that Section 7434(a) does not authorize a private cause of action on that basis. As a result, Vera has failed to state any claim under this provision, and the motion to dismiss the tax fraud claims must be granted.[1]

---

[1]    The Court does not adopt the Defendants' argument that the tax fraud claim against Intriago should fail because Intriago did not "cause" the filing of the Form 1099s by Challenger and Chopper. *See Sigurdsson v. Dicarlantonio*, No. 12-0920, 2013 WL 12121866, at *8 (M.D. Fla. Dec. 11, 2013) (holding that an individual who willfully filed a false information return on behalf of his corporation could be subject to liability under Section 7434). This has no practical effect on the Court's ultimate conclusion, however. Even if Intriago could be held liable for a violation

**B.**     *State Law Claims*

The Court turns now to Vera's state law claims. The doctrine of supplemental jurisdiction,

codified at 28 U.S.C. § 1367, "grants federal courts the power to exercise jurisdiction over claims

'that are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution.'" *Ameritox, Ltd.*

*v. Millennium Labs., Inc.*, 803 F.3d 518, 531 (11th Cir. 2015) (quoting 28 U.S.C. § 1367(a)). While

Section 1367 "mandates that district courts—at least initially—exercise jurisdiction over those

supplemental claims that satisfy the case or controversy requirement," *id.*, a court has the authority

to dismiss any state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the

claim substantially predominates over the claim or claims over which the district court has original

jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction,"

28 U.S.C. § 1367(c). *See also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th

Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the district court discretion

to dismiss a case's supplemental state law claims.").

Because the Court has dismissed the federal tax fraud claims, it declines to exercise juris-

diction over the state law claims, pursuant to Section 1367(c)(3). "The Eleventh Circuit has a stated

policy in favor of dismissing state law claims under these circumstances." *United States ex rel.*

*Brown v. BankUnited Trust 2005-1*, — F. Supp. 3d —, —, 2017 WL 395296, at *14 (S.D. Fla. Jan.

30, 2017) (citation omitted); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir.

2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within

the discretion of the district court. We have encouraged district courts to dismiss any remaining

---

of Section 7434 as the president and CEO of Challenger and Chopper, Vera's claim against him must also fail for
the reasons outlined above.

state claims when, as here, the federal claims have been dismissed prior to trial." (citations omitted));

*accord Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Accordingly, the motion to dismiss the state law claims is granted.

## III.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendants' Motion to Dismiss [ECF No. 35] is **GRANTED**. Counts I, II, and III of the Complaint [ECF No. 1] are **DISMISSED WITH PREJUDICE**. Counts IV, V, and VI are **DISMISSED WITHOUT PREJUDICE**.

This action is **CLOSED** and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of June, 2017.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE